Dear Mayor Hebron:
As Mayor of the Town of Ball and on behalf of the town council you asked whether the Town of Ball appointees of the Rapides Parish Water Works District #3 Board can be legally removed by the council and Mayor at any time after their appointment.
We answer your questions in the affirmative. R.S. 333813(k)(1)(b) provides for the appointment of the members of the Rapides Parish Water Works District #3 Board as follows:
 K. (1) Notwithstanding any provision of this Section or of any other law to the contrary, the board of commissioners of Waterworks District No. 3 of the Parish of Rapides, State of Louisiana, shall be composed of nine members. The members shall be appointed as follows:
 (a) Five of such members shall be appointed by the parish governing authority of Rapides Parish.
 (b) Three of such members shall be appointed by the governing authority of the town of Ball with the approval of the mayor of Ball.
 (c) One of such members shall be appointed by the governing authority of the city of Pineville with the approval of the mayor of Pineville.
 (2) The members appointed pursuant to Subparagraphs (1)(b) and (c) of this Subsection need not be residents of the respective municipalities.
 (3) It is the intent of the legislature in enacting this Subsection that two of the members of the board of commissioners of Waterworks District No. 3 of the Parish of Rapides, State of Louisiana, in office on June 13, 2001, who were appointed by the governing authority of Rapides Parish shall be replaced by members appointed as provided in R.S. 33:3813(K)(1)(b). In order to implement this Act, on June 13, 2001, two offices on the board designated by the governing authority of Rapides Parish that are held by board members who were appointed by the governing authority of Rapides Parish shall be vacated by operation of law and these vacancies shall be filled as provided in R.S. 33:3813(K)(1)(b). The members so appointed shall serve at the pleasure of the authority that appointed them. (Emphasis added).
Note that the statute specifically provides that "the members so appointed shall serve at the pleasure of the authority that appointed them". It remains the opinion of this office that because the commissioners serve at the pleasure of the appointing authority the appointing authority can remove a member and make a new appointment "for no reason at all". See Attorney General Opinion 02-0053A, copy attached.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 02-0053
April 5, 2002
90-A POLITICAL SUBDIVISIONS — Officers, Agents, Employees
172-A WATER DISTRICTS — See Political Subdivisions
The appointing authority, be it the police jury or the municipal governing authority, has full discretion in filling a board member vacancy for a waterworks commission. A vacancy can be declared when a member no longer meets the qualifications to serve, and the members serve at the pleasure of the appointing authority.
Mr. Henry M. Templet Waterworks District Board, General Manager 4633 Highway 1 P.O. Drawer 575 Napoleonville, Louisiana 70390
Dear Mr. Templet:
We are writing to make a correction to our previous opinion, Number 02-0053, wherein you inquired about the responsibility and obligation of the appointing authority to the Assumption Waterworks District Board when appointing a replacement member.
While La.R.S. 33:3813 answers your question, we mistakenly opined that the board, rather than the appointing authority, has discretion to fill the vacancy. Thus, we correct our previous opinion and conclude that the appointing authority of that position, be it the police jury or municipal governing authority, has full discretion in filling the vacancy on the board. Further, we opine that the filling of the vacancy should be done in a reasonable amount of time, since no specific time is set forth by law.
You further requested by telephone an opinion on the following issue:
 If a board member moves outside the ward or parish from which he is appointed, is a vacancy automatically created?
R.S. 33:3812 provides for the qualifications of waterworks commissioners as follows:
 B. The members of the board shall be known as waterworks commissioners. Each shall be a resident of and assessed with not less than five hundred dollars worth of real estate in the district. A commissioner may be the representative of a corporation domiciled in the district and owning lands in the district and owning lands in the district of an assessed value of not less than five thousand dollars . . .
Additionally, R.S. 33:3813(C)(3) provides specifically for the appointment and terms of the members of the Assumption Parish Waterworks District as follows:
 (3) Notwithstanding the provisions of Paragraph (1) of this Subsection, the board of commissioners of Assumption Parish Waterworks District shall consist of eleven members. One member shall be appointed by the parish governing authority for each of the nine wards in the parish and two members shall be appointed by the governing authority of the municipality located within the parish.
Clearly there is a statutory requirement in R.S. 33:3812 for all members of a waterworks commission to be a resident of the district to be qualified to serve. Whether or not the members of the Assumption Parish Waterworks District also have to be a resident of the ward they are appointed for is unclear.
We have opined in the past that a member of a board who no longer meets the residency requirement of the position creates a vacancy in that position, but is required to continue to serve until a successor is appointed.
It is important to note that R.S. 33:3813(B) provides that "[a]ll commissioners shall serve at the pleasure of the authority which appointed them." Thus, it is our opinion that if a member of a waterworks commission moves outside of the district, he no longer meets the qualifications of that office. However, a vacancy is not automatically created in such a situation, but the appointing authority can declare a vacancy and make a new appointment because of the matter. Furthermore, because the commissioners serve at the pleasure of the appointing authority, the appointing authority can remove a member and make a new appointment for a reason, such as the member no longer meeting the qualifications of office, or for no reason at all.
We hope this opinion sufficiently clarifies our previous opinion and answers your question herein. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL/VLC;mjb